

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0796–10

**DANIEL RAY MORRIS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## EASTLAND COUNTY

MEYERS, J., filed a dissenting opinion in which PRICE and WOMACK, JJ., joined.

## DISSENTING OPINION

The court of appeals said that under the record in this case, the trial court did not abuse its discretion in admitting testimony regarding Appellant's "grooming" of the victim. Appellant contends that the court of appeals based this determination on the purported expert's experience, rather than whether "grooming" is a legitimate field of scientific examination. The majority disagrees and takes judicial notice that "grooming" is sufficiently established as a subject of expert testimony. Judge Cochran concurs that

"grooming" is a legitimate issue for expert testimony, but says that this type of expertise is experiential and is not related to scientific reliability.

Irrespective of whether the study of "grooming" behavior is a legitimate field of expertise, I do not think Hullum was qualified to be an expert on this issue. He had no degree in any field of study involving human behavior, no specialized training in "grooming" behavior, and he did not show that the training and experience he did have enabled him to distinguish such behavior. His testimony that he believed Appellant engaged in "grooming" behaviors expressed to the jury his opinion as to Appellant's guilt. Allowing him to testify was error and, although we did not grant Appellant's ground for review regarding harm, I would say that the error was harmful. I respectfully dissent.

Meyers, J.

Filed: December 7, 2011

Publish